# United States District Court
## Middle District of Georgia

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Vs. | JUDGMENT IN A CRIMINAL CASE |
| KATHLEEN A. COPIJA, | NO. 5: 06-MJ-03-29 (CWH) |
| Defendant | FRED I. GRAHAM |
| | Defendant's Attorney |

The above-named defendant having entered a **PLEAS OF GUILTY** in this proceeding to the offenses described below as charged in a three-count INFORMATION, and said pleas having been accepted by the court after inquiry as to the factual bases therefor, the defendant is hereby **CONVICTED** of said offenses and **SENTENCED** as follows as provided by law:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§7&13 i/c/w O.C.G.A. §40-5-121 | Driving on Susp. License | 03/08/06 | 2 |
| 18 U.S.C. §1382 | Trespassing on Military Reservation | 03/08/06 | 3 |

☒ Count(s) __1__ (is) ~~(are)~~ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: \*\*\*-\*\*-9486

September 18, 2006
Date of Imposition of Judgment

Defendant's Date of Birth: 1963

Defendant's USM No.: 93125-020

Defendant's Residence Address:

5537 Little Mill Road
Buford, Georgia 30518

Signature of Judicial Officer

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Defendant's Mailing Address:

Same

September 19, 2006
Date

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments hereinafter set forth.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals** | $ 35.00 | $ 500.00 | $ - 0 - |

☐   If applicable, restitution amount ordered pursuant to plea agreement . . . . . . .  $

## FINE

☐   The above fine includes costs of incarceration and/or supervision in the amount of $_____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options hereinafter set forth may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived.

☐ the interest requirement is modified as follows:

## RESTITUTION

Restitution is not ordered in this proceeding.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

PAYMENT OF THE TOTAL FINE AND OTHER CRIMINAL MONETARY PENALTIES SHALL BE MADE IN FULL IMMEDIATELY.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments shall be made to the **CLERK OF THIS COURT** except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States Attorney. Prior to the conclusion of any term of supervision imposed herein, the court reserves the right to address any outstanding balance still owed for mandatory assessment fees, fines, interest, and penalties, and to consider all available sanctions for collection of same through the office of the United States Attorney.

# IMPRISONMENT

The defendant is hereby committed to the custody of the UNITED STATES BUREAU OF PRISONS to be imprisoned for a total term of **FOUR (4) MONTHS** on each count, to run CONCURRENTLY.

☐ The court makes the following recommendations to the BUREAU OF PRISONS:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at_____A.M./P.M. on_____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation/Pretrial Services Office.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2:00 P.M. on_____.

☐ as notified by the United States Marshal

☐ as notified by the Probation/Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____to_____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY U. S. MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ONE (1) YEAR** subject to the STANDARD CONDITIONS OF SUPERVISION hereinafter set out and the following SPECIAL CONDITIONS of supervision:

(1) the defendant shall participate in a program of substance abuse testing, treatment and counseling as directed by the U. S. Probation Office. That office shall administratively supervise the defendant's participation in any programs of treatment and counseling, approving the program, administering the testing, and supervising any treatment;

(2) she shall not operate a motor vehicle while under supervision; and,

(3) she shall pay the FINE imposed herein. Said fine, plus interest and penalties, if any, may be paid in EQUAL PERIODIC INSTALLMENTS as scheduled by the U. S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

(1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) the defendant shall support his or her dependents and meet other family responsibilities;

(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.